## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**ROBERT LARROY,**

        **Plaintiff**

                                **CASE NO.**

        **v.**

**AT&T MOBILITY SERVICES, LLC, A Foreign Limited Liability Company,**

        **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff ROBERT LARROY (hereinafter referred as "Plaintiff"), by and through the undersigned attorney, hereby files this Complaint against AT&T MOBILITY SERVICES, LLC (hereinafter referred as "AT&T" or "Defendant"), and in support of states as follows:

## NATURE OF CASE

This is an action to remedy discrimination pursuant to the provisions of the Americans with Disabilities Act, as amended, ("ADAAA"); interference and retaliation under the Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, et seq, the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") and the Florida Civil Rights Act ("FCRA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages,

liquidated damages, punitive damages (if permitted to be pled), attorneys' fees and costs, and any other relief to which the Plaintiffs are entitled including but not limited to equitable relief.

## JURISDICTION & VENUE

1.     This is an action at law that raises a federal question under federal law.

2.     The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331 and has subject matter jurisdiction over Plaintiff's state law claims.

3.     The Plaintiff's claims arise under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391.

4.     Additionally, the events giving rise to this action occurred within this District.

## PARTIES

5.     Plaintiff is an employee of Defendant who began his employment in July 2016.

6.     Plaintiff is employed by Defendant in Orlando, Florida.

7.     Defendant is a Foreign Limited Liability Company which operates in the Central Florida area, including Orlando, where Plaintiff was employed.

8.     Defendant employs more than fifty (50) employees.

9. Defendant employs more than fifty (50) employees within 75 miles of Sanford, Florida.

10. Plaintiff was an "employee" as defined by the FMLA.

11. Defendant is an "employer" as defined by the FMLA.

12. Plaintiff was an "employee" as defined by the ADAAA.

13. Defendant is an "employer" as defined by the ADAAA.

14. Plaintiff has been employed by Defendants for at least twelve (12) months.

15. Plaintiff has been employed by Defendant for at least 1,250 hours of service during the previous twelve (12) month period.

## ADAAA STATUTORY PREREQUISITES

16. At all times material hereto, Plaintiff suffered from a herniated disc, which is a disabling medical condition under the ADAAA.

17. Plaintiff was discriminated against based on his disability.

18. Plaintiff is a member of a class of individuals protected by the ADAAA.

19. The Defendant meets the statutory criteria for coverage as an "employer" under the ADAAA.

20. Plaintiff meets the statutory criteria for coverage as an "employee" under the ADAAA.

21.     At all times material to the allegations herein, Plaintiff was qualified for his Customer Service Representative position with Defendant.

22.     Plaintiff timely filed his Charge of Discrimination with the EEOC on March 13, 2022.

23.     The EEOC issued a Dismissal and Notice of Rights on September 19, 2022.

24.     Therefore, the initial Complaint in this action is being filed within 90 days of Plaintiff receiving his  right-to-sue letter.

25.     Plaintiff has complied with all other ADAAA requirements and all prerequisites prior to bringing this lawsuit.

## FLSA ENTERPRISE COVERAGE

26.     At all material times (2018-2021), Defendant was an enterprise subject to the FLSA's provision on minimum wage and overtime wages.

27.     At all times material hereto, Defendant was and is an enterprise covered by the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A).

28.     At all material times (2018-2021), Defendant was an enterprise engaged in commerce or in the production of goods for commerce, and said enterprise had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for

commerce by any person (i.e. business equipment, telephones, computers, pens, and paper).

29. Defendant's employees ran credit card transactions which engaged in interstate commerce, handling or otherwise working with materials that have been moved in or produced for interstate commerce (i.e. telephones, computers, pens, and paper).

30. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

31. At all times material hereto, Defendant was and continues to be an "employer" within the meaning of the FLSA.

32. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time period.

## FACTUAL ALLEGATIONS

33. Plaintiff began working for Defendant on or about July 11, 2016.

34. Plaintiff is still employed with Defendant.

35. Plaintiff is still employed as a customer service representative for Defendant.

36. Plaintiff earns $21.00 per hour.

37. Plaintiff was involved in an automobile accident in 2018.

38. Th accident resulted in Plaintiff undergoing surgery.

39.     Despite the surgery, Plaintiff remained disabled with a herniated disc.

40.     Plaintiff's disability requires a workplace accommodation to perform his job.

41.     Defendant initially accommodated Plaintiff's disability by ordering, and allowing him to use, specific equipment while working onsite.

42.     Plaintiff is now working from home.

43.     However, Defendant is not allowing Plaintiff to take his equipment to his house.

44.     Plaintiff is aware of several employees that have been allowed to take their office equipment home.

45.     This includes equipment required for a medical accommodation.

46.     Plaintiff has also sought to be moved to a different position within the company, as an accommodation for his disability.

47.     Defendant has refused to engage in the interactive process to determine what role would be a fit for him.

48.     Plaintiff has reported this treatment to his supervisor.

49.     Plaintiff has reported this treatment to corporate as well.

50.     Upon reporting this treatment, Plaintiff's supervisor began retaliating against Plaintiff and treating him adversely.

51.     Plaintiff's supervisor began blaming him for occurrences that never happened.

52.     Plaintiff is also owed compensation for being required to work off the clock by logging into the computer for 10 minutes before he is clocked in.

53.     Plaintiff was a full-time employee.

54.     Plaintiff did not have any authority to hire employees.

55.     Plaintiff did not have any authority to fire employees.

56.     Plaintiff did not exercise independent discretion and independent judgment with respect to matters of significance.

57.     Plaintiff should have been classified as a non-exempt employee by Defendant.

58.     Plaintiff was assigned work by supervisors.

59.     Plaintiff was assigned a set schedule by supervisors.

60.     Plaintiff is an employee in good standing.

61.     Defendant refuses to accommodate Plaintiff.

62.     Plaintiff is qualified for his position.

63.     Plaintiff is able to perform the essential functions of his job, with or without accommodation.

64.     At no time during his employment has Defendant counseled or otherwise disciplined Plaintiff for failure to meet his job duties.

65.     Plaintiff works for a covered employer as defined by the FMLA.

66.     Plaintiff is eligible for FMLA leave.

67.     Plaintiff's notice for his need for FMLA leave was timely.

68.     Defendant is aware that Plaintiff had a serious health condition that qualified for FMLA leave, and yet, failed to properly advise Plaintiff of his rights under the FMLA.

69.     Defendant's actions constitute interference with Plaintiff's rights under FMLA.

70.     Defendant's actions constitute discrimination and retaliation in violation of Plaintiff's rights under the FMLA.

71.     Defendant's actions also constitute discrimination in violation of Plaintiff's rights under FMLA.

72.     Plaintiff is treated differently than similarly situated non-disabled employees.

73.     Defendant discriminated against Plaintiff for needing to take necessary time off due to his disability.

## COUNT I
## INTERFERENCE UNDER THE FMLA

74.     Plaintiff re-alleges and adopts the allegations of paragraphs 1-11, 14-15, 33-39, and 64-73 above as if fully set forth herein.

75.     Plaintiff is, at all times relevant, eligible for FMLA-covered leave.

76.     Defendant is Plaintiff's employer as defined by the FMLA.

77.    Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

78.    As a direct, natural, proximate, and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

79.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

80.    Defendant's violations of the FMLA were willful.

81.    Plaintiff is entitled to recover attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Compensatory damages for emotional pain and suffering;

e.    Injunctive relief;

f.    Prejudgment interest;

g.      Costs and attorney's fees; and

h.      Such other relief as the Court may deem just and proper.

## COUNT II
## RETALIATION UNDER THE FMLA

82.     Plaintiff re-alleges and adopts the allegations of paragraphs 1-11, 14-15, 33-39, and 64-73 above as if fully set forth herein.

83.     Plaintiff is, at all times relevant, eligible for FMLA-covered leave.

84.     Defendant is Plaintiff's employer as defined by the FMLA.

85.     Defendant discriminated and retaliated against Plaintiff because Defendant knew he was eligible for leave under the FMLA.

86.     Defendant discriminated and retaliated against Plaintiff because Plaintiff attempted to exercise his rights under the FMLA.

87.     Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of its representative(s).

88.     Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

89.     Defendant's discriminatory and retaliatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

90.     Defendant's conduct violated Plaintiff's right to be free from discrimination and retaliation as guaranteed by the FMLA.

91.     As a direct, natural, proximate, and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

92.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

93.     Defendant's violations of the FMLA were willful.

94.     Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable reliefallowed by law including:

a.      Back pay and benefits;

b.      Interest on back pay and benefits;

c.      Front pay and benefits;

d.      Compensatory damages for emotional pain and suffering;

e.      Injunctive relief;

f.      Prejudgment interest;

g.      Costs and attorney's fees; and

h.      Such other relief as the Court may deem just and proper.

## COUNT III
## DISCRIMINATION UNDER THE ADAAA

95.    Plaintiff re-alleges and adopts the allegations of paragraphs 1-7, 12-13, 16-25, 33-51, and 60-64 above as if fully set forth herein.

96.    Plaintiff suffers from a disabling medical condition pursuant to the ADAAA.

97.    Plaintiff is being discriminated against by the Defendant due to his disability, in violation of Federal law.

98.    Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

99.    Defendant denied Plaintiff reasonable accommodation as required by Federal law.

100.    Plaintiff is protected by the ADAAA:

a.    Plaintiff was disabled or a "perceived as disabled" employee whosuffered discrimination because of his disability or "perceived disability" by Defendant; and

b.    Plaintiff suffered an adverse employment action as a result of his disability or "perceived disability."

101.    Defendant   was   at   all  material  times  an  "employer"  as envisioned and defined by the ADAAA.

102.   Plaintiff's medical condition is a protected disability under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

103.   Defendant's actions unquestionably constitute disability discrimination in violation of the ADAAA, as amended.

104.   By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

105.   Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of his position, even though Plaintiff could perform same with a reasonable accommodation.

106.   Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

107.   Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

108.   Defendant does not have a non-discriminatory rationale for denying Plaintiff's accommodation request.

109.   Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during their employment. Therefore, he is a member of protected classes as envisioned by the ADA.

110.   Plaintiff suffered sufficiently severe and pervasive treatment

because of his disability and/or "perceived disability," and request for accommodation regarding same.

111.   The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

112.   The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

113.   The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

114.   The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

115.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.        Back pay and benefits;

b.        Interest on back pay and benefits;

c.      Front pay and benefits;

d.      Compensatory damages for emotional pain and suffering;

e.      Injunctive relief;

f.      Prejudgment interest;

g.      Costs and attorney's fees; and

h.      Such other relief as the Court may deem just and proper.

## COUNT IV
## RETALIATION UNDER THE ADAAA

116.   Plaintiff re-alleges and adopts the allegations of paragraphs 1-7, 12-13, 16-25, 33-51, 60-64 above as if fully set forth herein.

117.   Plaintiff suffers from a disabling medical condition pursuant to the ADAAA.

118.   Plaintiff is being retaliated against by the Defendant due to his disability in violation of Federal law.

119.   Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

120.   Defendant denied Plaintiff reasonable accommodation as required by Federal law.

121.   Plaintiff is protected by the ADAAA:

a.      Plaintiff was disabled or a "perceived as disabled" employee

whosuffered discrimination because of his disability or "perceived disability" by Defendant; and

b.      Plaintiff suffered an adverse employment action as a result of his disability or "perceived disability."

122.  Defendant  was at  all material times an "employer" as envisioned and defined by the ADAAA.

123.  Plaintiff's medical condition is a protected disability under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

124.  Defendant's actions unquestionably constitute retaliation in violation of the ADAAA, as amended.

125.  By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

126.  Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of his position, even though Plaintiff could perform same with a reasonable accommodation.

127.  Pleading in the alternative, Plaintiff's impairment did not substantially limita major life activity but was treated by Defendant as if it did.

128.  Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward theimpairment.

129.   Defendant does not have a non-discriminatory rationale for its treatment of Plaintiff.

130.   Plaintiff was a disabled individual or otherwise perceived as disabled by Defendant, during their employment. Therefore, he is a member of a protected classes asenvisioned by the ADA.

131.   The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

132.   The retaliation to which Plaintiff was subjected was based on his disability and/or "perceived disability."

133.   The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mentalanguish, loss of enjoyment of life, and other non-pecuniary losses.

134.   The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

135.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and

equitable reliefallowed by law including:

a.      Back pay and benefits;

b.      Interest on back pay and benefits;

c.      Front pay and benefits;

d.      Compensatory damages for emotional pain and suffering;

e.      Injunctive relief;

f.      Prejudgment interest;

g.      Costs and attorney's fees; and

h.      Such other relief as the Court may deem just and proper.

## COUNT V - RECOVERY OF OVERTIME COMPENSATION

136.   Plaintiff re-alleges and incorporates paragraphs 1-7, 26-36, and 52-60 as if fully set forth herein.

137.   Plaintiff regularly worked in excess of forty (40) hours per week.

138.   Plaintiff was not properly compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours he worked in excess of forty (40) hours each workweek.

139.   Plaintiff was and is entitled to be paid at the statutory rate of overtime calculation for those hours worked in excess of forty (40) hours.

140.   At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

141.   Defendant's actions were willful and/or showed reckless disregard

for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff for overtime for all hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

142.    Defendant failed to properly disclose or apprise Plaintiff's rights under the FLSA.

143.    Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

144.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

145.    At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to the Plaintiff by virtue of the management policy, plan, or decision that intentionally provided for the compensation of less than time-and-one-half for overtime hours worked.

146.    Based upon information and belief, Plaintiff is/was not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks, because Defendant failed to properly pay Plaintiff proper overtime wages.

147.    Plaintiff demands a trial by jury.

148.    Defendant violated Title 29 U.S.C. §207 for the relevant period of time in that:

a.    Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

b.    No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

c.    Defendant failed to maintain proper time records as mandated by the FLSA.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant: awarding Plaintiff overtime compensation in the amount due for Plaintiff's time worked in excess of forty (40) hours per work week while employed; an equal amount in liquidated damages; awarding Plaintiff pre-judgment and/or post-judgment interest; an award of costs and expenses of this action together with reasonable attorneys' and expert fees, and any other further relief the Court deems just and proper.

## COUNT VI
## DISABILITY DISCRIMINATION IN VIOLATION OF THE FCRA

149.   Plaintiff re-alleges and adopts the allegations of paragraphs 1-7, 12-13, 16-25, 33-51, and 60-64 above as if fully set forth herein.

150.   Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

151. Plaintiff has a disability and a member of a protected class.

152. Plaintiff was qualified for his current position because he had performed in that position for a substantial period of time.

153. Plaintiff was subjected to the adverse employment action of being terminated.

154. Plaintiff was treated less favorably than similarly situated employees without disabilities.

155. Defendant discriminated against Plaintiff because of his disability.

156. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under the FCRA because it treated Plaintiff less favorably because of his disability.

157. The discrimination to which Plaintiff was subjected was based on his disability.

158. Defendant does not have a legitimate, non-discriminatory reason for its treatment of Plaintiff.

159. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

160.   The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

161.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

162.   Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.  Back pay and benefits;

    b.  Interest on back pay and benefits;

    c.  Front pay and benefits;

    d.  Compensatory damages for emotional pain and suffering;

    e.  Injunctive relief;

    f.  Prejudgment interest;

    g.  Costs and attorney's fees; and

    h.  Such other relief as the Court may deem just and proper.

### COUNT VII
### <u>RETALIATION IN VIOLATION OF FCRA</u>

163.   Plaintiff reincorporates and adopts all allegations contained within 1-7, 12-13, 16-25, 33-51, and 60-64 as though fully stated herein.

164.   Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

165.   At all material times, Plaintiff was qualified to perform his job duties.

166.   Defendant retaliated against Plaintiff because of his complaints about the treatment he was receiving due to his medical condition.

167.   Plaintiff engaged in a protected activity by making numerous complaints to Defendant regarding the treatment he was receiving due to his medical condition.

168.   Defendant engaged in unlawful employment practices prohibited by the FCRA by retaliating against Plaintiff as set forth above.

169.   The above retaliation was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Compensatory damages for emotional pain and suffering;

e.    Injunctive relief;

f.    Prejudgment interest;

g.    Costs and attorney's fees; and

h.    Such other relief as the Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this __16th__ of December, 2022.

> Respectfully submitted,
> <u>s/ Edward W. Wimp</u>
> Edward W. Wimp, Esquire – LEAD COUNSEL
> FBN: 1015586
> Email: <u>ewimp@theleachfirm.com</u>
> Direct: 407-574-6339
>
> Anthony J. Hall, Esquire
> FBN: 0040924
> Email: ahall@theleachfirm.com
>
> THE LEACH FIRM, P.A.
> 631 S. Orlando Ave., Suite 300
> Winter Park, FL 32789
> Telephone: (407) 574-4999

Facsimile: (833) 813-7513

Attorneys for Plaintiff